SPIESS v. LINDE.

(Supreme Court, Appellate Term, Second Department. September, 1916.)

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Charles H. Spiess against Joseph Linde. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued September term, 1916, before CLARK, JAYCOX, and BENEDICT, JJ.

PER CURIAM. Judgment affirmed, with $25 costs.

BENEDICT, J. (dissenting). This is an appeal from a judgment in favor of the plaintiff, entered on April 29, 1916, for $408.30, with $3 costs and disbursements, and $30 allowance; total, $441.30. This action was decided by the Municipal Court on its merits—perhaps to denominate them "demerits" would be more nearly accurate—and I should not be inclined to disturb that court's findings, were it not that I think the court failed to give sufficient weight to certain facts appearing in the record, affecting one portion of the plaintiff's claim.

The action arose out of that form of gambling which consists in staking money on the result of horse racing. The only witnesses in the case were the plaintiff and the defendant. As might be expected from the nature of the business, neither witness testified with any such degree of frankness as would lend an air of verisimilitude to his narrative. The summons demanded $425. The short form of complaint indorsed on it pursuant to section 78 of the Municipal Court Code (Laws 1915, c. 279) stated that the nature and substance of the plaintiff's cause of action is as follows: "Money belonging to plaintiff, wrongfully retained and appropriated by defendant to his own use." The answer was in writing, but not verified. It amounted to a general denial. In an unverified bill of particulars, plaintiff set forth that his claim was for $425, of which $250 were given by plaintiff to defendant, who was a bookmaker for horse races, on the 17th day of December, 1915, as a wager on a certain horse that was to, and did, run at a race in Mexico on that date or thereabouts; the other $175 represented the amount won by the plaintiff on said race and which defendant told plaintiff he would give him; that the $250 was given to defendant by giving it to his agent, as instructed to do by defendant. The name of said agent was Louis Wakoff. The claim for the $250 was one which the law permits to be made and maintained. Penal Law (Consol. Laws, c. 40) § 994; but the claim for the $175 could not be enforced. See Cahill v. Gilman, 84 Misc. Rep. 372, 146 N. Y. Supp. 224, where I had occasion to review the cases.

It will be observed that nothing was stated in the bill of particulars concerning any payment to defendant or his agent, other than the payment of $250 to defendant's agent on December 17th. But, when the case came to trial, the plaintiff, doubtless perceiving the weakness of his claim for the unlawful gain of $175 won on the race, asked leave of the court to amend that part of his claim by changing it into a claim that on December 16, 1915, he had also given to defendant's agent, Wakoff, the sum of $150 as a wager, and that it had been lost on the same day, viz. on December 16th. The court allowed this amendment without the imposition of any terms. This was within its discretion, and cannot be said to have been an abuse thereof. The plaintiff then testified to the payment of two sums as wagers—one of $150 on December 16, and the other of $250 on December 17, 1915. The defendant denied that he had had any such dealings with the plaintiff, or that he had received either of these sums from him, directly or indirectly. The Municipal Court found for the plaintiff and awarded him $400; but after a critical examination of the entire testimony of the plaintiff, including his statements about the winning of $175, taken in connection with the summons and his formal written declaration in the bill of particulars, I think the finding as to the payment of $150 is not only against the weight of the evidence, but is contrary to every reasonable probability in the case, and is manifestly a claim manufactured under the stress of circumstances which were taking a turn unfavorable to the plaintiff. In other words, the plaintiff has endeavored to recover, under the guise of a payment for a stake or wager, moneys which he found that the law would not permit him to recover as the illegal gains upon a wager. As to the rest of the claim, viz. $250, the finding of the court below will not be disturbed.

I therefore advise that the judgment be reversed, and a new trial granted, unless the plaintiff shall stipulate, within five days after the entry and service of the order to be entered hereon, that the judgment appealed from be modified, by reducing the plaintiff's recovery to $250, with interest from December 17, 1915, with appropriate costs in the Municipal Court thereon, and, in the event that such stipulation be given, then that the judgment appealed from be modified accordingly, and, as so modified, affirmed, without costs of this appeal.